# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE LOGAN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-0483-CVE-mjx ) |
| BRIAN RAYL; STUART SOUTHERLAND; STEVE KUNZWEILER; SHAWN WATERS; TARA PIN, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On August 24, 2017, Plaintiff, a prisoner in custody at the Tulsa County Jail and appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). Plaintiff also filed motions to proceed in forma pauperis (Dkt. # 2), for appointment of counsel (Dkt. # 3), and for class action certification (Dkt. # 4). For the reasons discussed below, Plaintiff's motion to proceed in forma pauperis shall be granted and his motions for appointment of counsel and for class action certification shall be denied. In addition, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

**A.    Motion to proceed in forma pauperis**

Upon review of the motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee and his motion to proceed in forma pauperis shall be granted. Pursuant to 28 U.S.C. §1915(b)(1), however, Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay the filing fee in monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**B. Motions for class action certification and for appointment of counsel**

Plaintiff's motion for class action certification shall be denied. A court may not certify a class unless it determines "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1769.1 (3d ed. 2005) (footnote omitted). The Tenth Circuit has ruled that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is clearly too limited to allow him to risk the rights of others." Fymbo v. State Farm Fire and Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citation omitted); see also 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for rule that "class representatives cannot appear pro se"). While Plaintiff may proceed in this action pro se, he may not risk the rights of others in a class action. For that reason, the Court denies Plaintiff's request certification of a class action.

The Court shall also deny Plaintiff's motion for appointment of counsel. The Court has discretion to appoint an attorney to represent an indigent plaintiff where, under the totality of the

2

circumstances, the denial of counsel would result in a fundamentally unfair proceeding. McCarthy v. Weinberg, 753 F.2d 836, 839-40 (10th Cir. 1985). The Tenth Circuit Court of Appeals has stated that "if the plaintiff has a colorable claim then the district court should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (citation and internal quotation marks omitted). After reviewing the merits of Plaintiff's case, the nature of the factual issues involved, Plaintiff's ability to investigate the crucial facts, the probable type of evidence, Plaintiff's capability to present his case, and the complexity of the legal issues, see Rucks, 57 F.3d at 979; McCarthy, 753 F.2d at 838-40; Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981), the Court denies Plaintiff's motion for appointment of counsel.

**C. Complaint fails to state a claim upon which relief may be granted**

    **1. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe

the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

4

## 2. Causes of action raised in the complaint

The Court finds that the complaint fails to state a claim upon which relief could be granted. Plaintiff describes the nature of the case as follows: "Tulsa County Public Defenders Office and court appointed counsel(s) fail to provide effective assistance of counsel to indigent defendants and the State court fails to provide remedy to address the issue. Tulsa County District Attorneys deny equal protection in violation of the 14th Amendment." Dkt. # 1 at 3. Plaintiff identifies five (5) grounds for relief as follows:

Count I: Indigent was denied effective assistance of counsel due to counsel's failure to consult with client in violation of the 6th and 14th Amendments.

Count II: Indigent defendant was denied the right to effective assistance of counsel due to lack of preparation in violation of the 6th and 14th Amendment.

Count III: Indigent defendant was denied the right to effective assistance of counsel due to counsel's failure to be present in violation of the 6th and 14th Amendment.

Count IV: The plaintiff was denied effective assistance of counsel due to performance in violation of the 6th and 14th Amendment.

Count V: The Tulsa District Attorney's Office denies indigents of their constitutional rights through selective prosecution and arbitrary classification in violation of the 14th Amendment.

Id. at 3-6. Plaintiff provides additional factual allegations in support of his claims. Id. at 5, 6. Plaintiff names five (5) defendants: Brian Rayl and Stuart Southerland, attorneys with the Tulsa County Public Defenders Office; Steve Kunzweiler and Shawn Waters, attorneys with the Tulsa County District Attorneys Office; and Tara Pin. Id. at 1-2. In his request for relief, Plaintiff asks for "compensatory relief – 25,000, punitive relief – 75,000, Injunctions [sic] – as this Honorable Court see [sic] in the interest of justice to correct the constitutional violations." Id. at 4.

### a. Public defenders do not act under color of state law

Plaintiff identifies Defendant Rayl as the public defender appointed to represent him in his criminal case and Defendant Southerland as the "Tulsa County Public Defender over the Public Defender's Office." See Dkt. # 1 at 2. Section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983). Therefore, any action taken by Defendants Rayl and Southerland is not state action for purposes of 42 U.S.C. § 1983. As a result, Plaintiff's claims against those Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### b. Prosecutors entitled to prosecutorial immunity

Plaintiff also sues Steve Kunzweiler, Tulsa County District Attorney, and Shawn Waters, Tulsa County Assistant District Attorney, because they are prosecuting Plaintiff's criminal action. A state prosecutor is entitled to absolute immunity from suit for civil damages when such suit is based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994). A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Plaintiff's claims against Defendants Kunzweiler and Waters are based on actions taken during Plaintiff's prosecution and are, therefore, barred by absolute prosecutorial immunity. Plaintiff's request for monetary damages from Defendants Kunzweiler and Waters shall be dismissed from this action with prejudice. 28 U.S.C. § 1915A(b)(2).

### c. No claim lodged against Defendant Tara Pin

Nowhere in his complaint does Plaintiff identify any conduct by Defendant Tara Pin that violated his constitutional rights. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney, 113 F.3d at 1173-74. Therefore, the complaint fails to state a claim upon which relief may be granted as to Defendant Tara Pin.

## D. Plaintiff's remedy

For the reasons cited above, a civil rights action does not provide a remedy for Plaintiff's claims of ineffective assistance of counsel and selective prosecution. If Plaintiff is convicted in his state criminal action, he must present any allegations of constitutional violations, including claims

7

of ineffective assistance of counsel and selective prosecution, to the Oklahoma Court of Criminal Appeals on direct appeal. Plaintiff may also pursue relief under Oklahoma's Uniform Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080, et seq. Should Plaintiff fail to obtain relief in state court, he may file a petition for writ of habeas corpus in federal district court raising constitutional claims exhausted in state court. See 28 U.S.C. § 2254.

**E. First "prior occasion" under 28 U.S.C. § 1915(g)**

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**. Plaintiff remains obligated to pay in monthly installments the **$350** filing fee for this case.

2. Plaintiff's motion for class action certification (Dkt. # 3) is **denied**.

3. Plaintiff's motion for appointment of counsel (Dkt. # 4) is **denied**.

4. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

5. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

6. A separate judgment shall be entered in this matter.

**DATED** this 7th day of September, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE